IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                     No. 21-CR-00522-WJ

ANTONIO CHACO and
PETER PAUL SANDOVAL,

    Defendants.

## DEFENDANTS' JOINT UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DEADLINES

    Defendants Antonio Chaco, by and through his counsel of record Assistant Federal Public Defender Esperanza Lujan, and Peter Paul Sandoval, by and through his counsel of record Samuel Winder, respectfully move the Court to continue the jury trial currently scheduled for October 4, 2021 and to vacate and reschedule all other deadlines and settings in this matter for ninety (90) days. In support of this motion, Defendants state:

    1.    Mr. Chaco pleaded not guilty to an Indictment charging one count of second-degree murder, in violation of 18 U.S.C. §§ 1153 and 1111.

    2.    Mr. Sandoval pleaded not guilty to an Indictment charging one count of accessory after the facts, in violation of 18 U.S.C. § 3.

    3.    Trial in this matter is scheduled for October 4, 2021.

    4.    Initial discovery materials were disclosed on or about May 11, 2021 and May 21, 2011 and include numerous reports and recordings. Additional discovery was recently disclosed on August 13, 2021 that included additional recordings and reports.

5.Defense counsel requires additional time to review newly disclosed discovery in this case.  Furthermore, additional legal research, factual development, and investigation must take place.  Before defense counsel can adequately advise each co-defendant about his respective legal options, counsel must conduct a thorough and complete investigation into the counts charged. Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052 (1984).

6.Defense counsel also require the additional 90 days to research potential pretrial motions. Defense counsel cannot adequately advise the defendants on pretrial motions prior to conducting a thorough review of all discovery, conducting an investigation into the charges, and identifying potential witnesses.

7.Defendants request a 90 day continuance of trial and motions deadlines. The defendants will not be ready for trial in advance of 90 days from the current setting.

8.Defendants agree with this request for a continuance and will not be prejudiced in the event that it is granted.  Counsel has discussed with each respective defendant their right under the Speedy Trial Act, and they understand the need for a continuance and respectfully ask that this Court grant the instant request.

9.Moreover, the parties will require time to explore the possibility of a negotiated resolution.  The Federal Rules of Criminal Procedure and the Speedy Trial Act contemplate the use of pre-trial resources in the effort to settle cases without trial.  *See* Fed.R.Crim.P. 11(c); 18 U.S.C. § 3161(h)(1)(G).  A continuance that aims to avoid an unnecessary trial and conserve judicial resources serves the purposes of the Speedy Trial

Act. *See Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013 (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); United States v. Stanton, 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); United States v. Stradford, 394 F.App'x 923, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

10.   Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing the defense to conduct a thorough review of all newly disclosed discovery, adequately investigate the case, and research any potential pretrial motions and explore a possible negotiated resolution.

11. This motion is not predicated upon the congestion of the Court's docket. This is the second continuance filed.

12. Counsel for the United States, Assistant United States Attorney Frederick Mendenhall III, does not oppose a continuance.

WHEREFORE, Defendants Antonio Chaco and Peter Sandoval respectfully request that this Court grant a continuance of the trial setting of October 4, 2021 and an extension of the motions deadlines by 90 days.

> Respectfully submitted,
>
> **FEDERAL PUBLIC DEFENDER**
> 111 Lomas Blvd. NW, Suite 501
> Albuquerque, NM 87102
> (505) 346-2489
> esperanza_lujan@fd.org
>
> *Electronically filed September 3, 2021*
> /s/ Esperanza Lujan
> Assistant Federal Public Defender
>
> *Electronically filed September 3, 2021*
> /s/ Samuel Winder
> Samuel Winder
> 1117 Stanford Drive NE
> Albuquerque, NM 87131-0001
> (505) 277-5265
> winder@law.unm.edu

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following: Frederick Mendenhall III, Assistant United States Attorney and Samuel Winder, Attorney for Mr. Sandoval.

> *Electronically filed September 3, 2021*
> /s/ Esperanza Lujan
> Assistant Federal Public Defender